Charles T. MADDEN; et al., Plaintiffs,

and

Navin P. Amin; et al., Plaintiffs—
Appellants,

v.

DELOITTE & TOUCHE, LLP,
Defendant—Appellee,

and

Volpe Brown Whelan & Company;
et al., Defendants.

Charles T. Madden; et al., Plaintiffs—
Appellants,

and

Navin P. Amin; et al., Plaintiffs,

v.

Deloitte & Touche, LLP, Defendant—
Appellee,

and

Volpe Brown Whelan & Company;
et al., Defendants.

Charles T. Madden; et al., Plaintiffs—
Appellants,

v.

Deloitte & Touche, Defendant—
Appellee,

and

Volpe Brown Whelan & Company;
et al., Defendants.

Charles T. Madden; et al., Plaintiffs—
Appellants,

v.

Deloitte & Touche LLP;
et al., Defendants,

and

Volpe Brown Whelan & Company,
Defendant—Appellee.

Nos. 02–56976, 02–56982,
03–55408, 03–56891.
D.C. Nos. CV–99–01516–TJW, CV–99–
01516–TJW, CV–99–01516–TJW,
D.C. No. CV–99–01516–LAB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 2, 2004.

Decided Nov. 23, 2004.

152

Philip Borowsky, Christopher J. Hayes, Borowsky & Hayes LLP, San Francisco, CA, for Plaintiffs.

Thomas V. Girardi, Esq., Girardi & Keese, Steven C. Shuman, Esq., Walter J. Lack, Esq., Engstrom, Lipscomb & Lack, Los Angeles, CA, for Plaintiffs–Appellants.

Darryl Snider, Esq., Heller, Ehrman, White and McAuliffe LLP, Los Angeles, CA, for Defendant–Appellee.

William F. Alderman, Esq., Orrick, Herrington & Sutcliffe LLP, San Francisco, CA, H. Steven Wilson, Latham & Watkins, San Diego, CA, Richard A. Schirtzer, Quinn Emanuel Urquhart Oliver & Hedges LLP, Los Angeles, CA, for Defendants.

Before FERNANDEZ, SILVERMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM

Plaintiffs challenge the district courts' denial of their motions to remand, grant of summary judgment in favor of Deloitte & Touche and Volpe, Brown, Wheelan & Company, and denial of their motions for reconsideration. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

We review de novo the district courts' grant of summary judgment and denial of the motions to remand for improper removal under the Securities Litigation Uniform Standards Act of 1998 (SLUSA).

*Patenaude v. Equitable Life Assurance Soc'y of the United States*, 290 F.3d 1020, 1023 (9th Cir.2002); *In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1412 (9th Cir.1994). We review the district court's denial of motions for reconsideration for an abuse of discretion. *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir.), *cert. denied,* —— U.S. ——, 125 S.Ct. 106, 160 L.Ed.2d 116 (2004).

■ Plaintiffs argue that the district courts erred in denying remand and holding that SLUSA preempted their state law claims. They argue that the common stock issued pursuant to the merger agreement between FPA Medical Management, Inc. and St. Joseph Medical Corporation/Orange Coast Managed Care Services, Inc. was not a "covered security" under SLUSA because the actual shares of stock were not listed on Nasdaq until after the alleged misrepresentations occurred. A "covered security" under SLUSA includes a security that is "listed, or authorized for listing, on the National Market System of the Nasdaq Stock Market ... or is a security of the same issuer that is equal in seniority or that is a senior security to a security." 15 U.S.C. §§ 77p(f)(3) and 77r(b)(1). Plaintiffs alleged in their first amended complaints filed in state court that: (1) FPA common stock was traded on Nasdaq at all times relevant to the action; (2) plaintiffs received FPA common stock; (3) the SEC approved registration of plaintiffs' stock on February 17, 1998; and (4) fraud and misrepresentations, that occurred both before and after February 17, 1998, caused plaintiffs to acquire FPA common stock in exchange for their St. Joseph/Orange Coast stock. These allegations are sufficient to allege that the FPA stock was a "covered security" under SLUSA. The district courts did not err in allowing removal of the amended complaints and holding that the state claims were preempted.

■ Plaintiffs argue that the district court erred in granting summary judgment for Deloitte and Touche on the § 11 claim on the ground that the alleged misrepresentation in the 1996 financial statement certified in the registration statement was not material. Accountants are liable under § 11 for the financial information that they certify in the registration statement. 15 U.S.C. § 77k(a); 17 C.F.R. § 230.436(c); *Monroe v. Hughes,* 31 F.3d 772, 774 (9th Cir.1994). Because Deloitte did not audit or certify the 1997 quarterly statements in the registration statement, the district court correctly held that Deloitte was not liable for FPA's unaudited 1997 quarterly statements.

A misrepresentation or omission is material if "a reasonable shareholder would consider the misrepresentation or omission important, because it altered the total mix of available information." *Provenz v. Miller,* 102 F.3d 1478, 1489 (9th Cir.1996) (quotation and citation omitted). The undisputed facts established that by March 1998 the market was fully aware of the material economic facts regarding the guaranteed access fund payments, FPA's decision to account for the payments as revenue, and the controversial nature of the revenue treatment. Because FPA changed drastically in the fifteen months after the 1996 audit, the district court did not err in holding that, as a matter of law, Deloitte's approval of the 1996 guaranteed access funds did not alter the total mix of information available to the reasonable shareholder in 1998.

Plaintiffs also argue that the district court erred in granting summary judgment for Deloitte on the issue of loss causation. The court ruled that Deloitte had established that their alleged misrepresentation did not cause plaintiffs' loss. Lack

of causation of loss is an affirmative defense to § 11 claims. 15 U.S.C. § 77k(e); *Worlds of Wonder*, 35 F.3d at 1421–22. To establish a loss-causation defense, Deloitte must show that the depreciation in value of FPA's stock resulted from factors other than the alleged material misstatement in the 1996 financial statement. *Worlds of Wonder*, 35 F.3d at 1422. Undisputed expert testimony established that: (1) FPA's early 1988 stock price was not inflated by any misrepresentations regarding guaranteed access fund payments; and (2) FPA's stock decrease after March 20, 1998, was not caused by revelations regarding guaranteed access-fund payments. The district court did not err in holding that the undisputed evidence established a loss-causation defense for Deloitte.

■ Plaintiffs next argue that the district court erred in granting summary judgment for Volpe, Brown, Wheelan & Company on the ground that Volpe was not a § 11 underwriter or a § 12(a)(2) seller. Because the undisputed facts establish that Volpe was FPA's financial advisor for the merger, did not act after the private merger agreement was signed, and did not participate in any way in the solicitation of the Orange Coast shareholders or participate in drafting, preparing, certifying, or underwriting the registration statement, proxy or prospectus, the district court did not err in holding that Volpe is not liable as an underwriter or seller for misstatements in the registration, proxy, prospectus, or public offering. 15 U.S.C. §§ 77k(a) and 77(1)(a)(2); *Gustafson v. Alloyd Co.*, 513 U.S. 561, 584, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995); *Kaplan v. Rose*, 49 F.3d 1363, 1371 (9th Cir.1994).

■ Finally, plaintiffs argue that the district court abused its discretion in denying their motions for reconsideration. To obtain reconsideration, plaintiffs must establish that newly proffered evidence was discovered after the hearing and that they "could not with reasonable diligence have discovered and produced such evidence at the hearing." *Frederick S. Wyle Prof. Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir.1985). Because plaintiffs did not establish that they could not have discovered and produced the "new" evidence while the summary judgment proceedings were pending and because, in any event, the evidence would not have changed the outcome of the summary judgments, the district court did not abuse its discretion in denying the motions.

AFFIRMED.